UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMIE CAMPOS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-1138 (VLB) |
| EVDOXIA ZOPOUNIDIS AND | : | |
| EZ ENTERPRISES LLC, | : | |
|     Defendants. | : | October 13, 2011 |

**MEMORANDUM OF DECISION GRANTING [Dkt. #57 and #58] PLAINTIFF'S MOTIONS IN LIMINE REGARDING EVIDENCE OF TIP INCOME AND IMMIGRATION STATUS AND ADDRESSING OTHER EVIDENTIARY ISSUES RAISED IN [Dkt. #59] THE PARTIES' JOINT TRIAL MEMORANDUM**

    I.    Tip Evidence

The Court grants [Dkt. #58] the Plaintiff's Motion in Limine to exclude evidence relating to tip income received by the Plaintiff. Evidence of any tip income received by the Plaintiff is inadmissible because Defendants cannot demonstrate compliance with the prerequisites for reliance on the tip credit under either the FLSA or Connecticut Minimum Wage Laws.

In order to rely on the tip credit under the FLSA, Defendants must demonstrate: (1) that Plaintiff satisfies the definition of a "tipped employee" under 29 U.S.C. §203(t), which requires that the employee "customarily and regularly receives more than $30 a month in tips;" (2) that Defendants must have informed Plaintiff of their intent to rely on the tip credit towards the calculation of Plaintiff's minimum wage entitlements; and (3) Defendants must demonstrate that all tips received by Plaintiff were in fact retained by Plaintiff. Defendants

concededly cannot satisfy these prerequisites to the FLSA tip credit as they have admitted in their responses to Plaintiff's First Set of Interrogatories [Pl. Trial Ex. 2] that they have no documentation regarding the gross wages earned by Plaintiff or payroll records relating to wages paid to Plaintiff.

In order to rely on the tip credit under Connecticut Minimum Wage laws Defendants must have obtained and maintained a signed statement from Plaintiff certifying that he received gratuities of at least $2 dollars per day in the case of part-time employees, or $10 dollars per week in the case of full-time employees in order to rely on the tip credit. Conn. Agencies Regs. § 31-62-E2(c). Further, the Defendants must also have kept a weekly record of the amount claimed as a credit as a separate item in a wage record. *Id.* The Defendants' concession in their response to the Plaintiff's First Set of Interrogatories [Pl. Trial Ex. 2] that they have no documentation regarding either the gross wages earned by Plaintiff or payroll records relating to wages paid to Plaintiff indicates that they cannot satisfy these prerequisites to the tip credit under the Connecticut Minimum Wage laws.

Therefore, all evidence regarding tip income received by the Plaintiff is inadmissible as Defendants have failed to satisfy the prerequisites to the tip credits available under the FLSA and Connecticut Minimum Wage laws.

II.     Immigration Status

The Court grants [Dkt. #57] the Plaintiff's Motion in Limine to exclude evidence relating to Plaintiff's Immigration Status. Evidence of Plaintiff's Immigration Status is inadmissible because it directly contradicts a large body of

case law from numerous Circuits including District Courts within the Second Circuit clearly holding that all employees, regardless of immigration status, are protected by provisions of the FLSA. *See e.g., Uto v. Job Site Services Inc.*, 269 F.R.D. 209, 211 (E.D.N.Y. 2010) (citing *Flores v. Amigon*, 233 F.Supp.2d 462, 463 (E.D.N.Y. 2002)); *see also Liu v. Donna Daran Int'l, Inc.*, 207 F.Supp.2d 191 (S.D.N.Y. 2002); *Flores v. Albertsons, Inc.*, 01-cv-00515 (AHM), 2002 WL 1163623, at *5 (C.D.Cal. Apr. 9, 2002) (noting that "Federal courts are clear that the protections of the FLSA are available to citizens and undocumented workers alike") (citing *Patel v. Quality Inn So.*, 846 F.2d 700, 706 (11th Cir. 1988).

Defendants assert in their Memorandum in Opposition to Plaintiff's Motion in Limine as to Immigration Status [Dkt. #64] that the various cases discussing the admissibility of immigration status in FLSA claims all addressed the discoverability of immigration status and are therefore inapplicable to the issues presented in the present case where the Defendants were aware of Plaintiff's immigration status from the beginning of Plaintiff's employment. Moreover, Defendants argue that here, where Plaintiff affirmatively disclosed his immigration status, there is no danger that he will suffer unfair prejudice by the Defendant's presentation of such evidence. The Court is wholly unpersuaded by these arguments. A plethora of federal court decisions across the country have clearly articulated that the provisions of the FLSA apply to protect undocumented workers and citizens alike. *See Uto*, 269 F.R.D. at 211; *Donna Daran Int'l Inc.*, 207 F.Supp. 191; *Quality Inn So.*, 846 F.2d at 706.

**Further, the Defendants argue that evidence of Plaintiff's immigration status is relevant to their defense that they did not act willfully, arbitrarily, unreasonably or in bad faith when compensating Plaintiff because they held a reasonable belief that any act or omission was not a violation of the FLSA. However, this argument is in direct contradiction with the Second Circuit's construction of the "good faith" defense under the FLSA. The Second Circuit has held that to rely on the "good faith" defense under the FLSA, "an employer must show that it took 'active steps to ascertain the dictates of the FLSA' and then act to comply with them.'"** *Barfield v. New York City Health and Hospitals Corp.***, 537 F.3d 132 (2d Cir. 2008) (citing** *Herman v. RSR Servs. Ltd.***, 172 F.3d at 132, 142 (2d Cir. 1999)). However, Defendants' admitted in the Joint Trial Memorandum and in sworn deposition testimony that they "lack of knowledge of minimum wage laws and rates." Given the patent inconsistency of the Defendants statements regarding a lack of knowledge as to minimum wage standards on the on the one hand, and a "reasonable" belief that any act or omission regarding such minimum wage standards was not a violation of such regulations, it is apparent that Defendants cannot satisfy the standard established by the Second Circuit to rely on the "good faith" defense under the FLSA, and therefore evidence of Plaintiff's immigration status purportedly offered in pursuit of such a defense is inadmissible.** *See also* **Fed. R. Evid. 404.**

**For all of the aforementioned reasons, the information regarding Plaintiff's immigration status is inadmissible as it is irrelevant to Plaintiff's claims.**

**III.    Real Estate Transactions**

In the Parties' Joint Trial Memorandum [Dkt. #59] the Defendants indicated their intent to include as trial exhibits information about Plaintiff's real estate transactions which they assert are relevant to support their contention that Plaintiff earned income in excess of the FLSA and Connecticut State Minimum Wage standards. Specifically, Defendants seek to admit a Warranty Deed documenting the Plaintiff's acquisition of a residential property from a third party in January of 2005 [Defs. Trial Ex. B], a Mortgage Deed acquired by the Plaintiff covering the purchased property dated December 2004 [Defs. Trial Ex. C], and a Warranty Deed documenting the Plaintiff's sale of the residential property to a third party in June 2007 [Defs. Trial Ex. D].

The Court holds that such evidence is inadmissible under F.R.E. 403 as any inference drawn from such evidence alone is wholly speculative and therefore the limited probative value of the evidence is outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed. R. Evid. 403.

IV.   Current Employers

In the Parties' Joint Trial Memorandum [Dkt. #59] the Defendants indicated their intent to offer the testimony of three of the Plaintiff's current employers to testify as to the terms and conditions of his employment and the manner in which he is compensated. The Court holds that all testimony of Plaintiff's current employers is inadmissible because it is wholly irrelevant to the issue of whether or not Plaintiff received adequate compensation from the Defendants under the FLSA and Connecticut Minimum Wage Laws. Moreover, to the extent that the Defendants seek to the offer the testimony of the employers to indicate an

agreement to receive tip income and compensation below the applicable minimum wage standards, such evidence is inadmissible in so far as both the FLSA and Connecticut Minimum wage laws provide that employers may not rely upon an agreement to work for less than minimum wage as a defense to a claim for failure to pay minimum wage or overtime wages. *See Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 707 (1945) (holding that employees cannot release their rights under the FLSA by private agreement, because such action contravenes a statutory right granted in the public interest); *see also* Conn. Gen. Stat. § 31-68. Therefore evidence of any such agreement by the Plaintiff with either the Defendants or any other of the Plaintiff's former or current employers to work for less than minimum wage or overtime wages is not admissible because it is not relevant to any permissible defense.

    V.    Defendants' Trial Exhibits E, F and G

In the Parties' Joint Trial Memorandum [Dkt. #59] the Defendants indicated their intent to include as trial exhibits E, F and G, a listing of weekly hours worked by Plaintiff less than 60 hours, an illustration of Plaintiff's earnings in excess of Federal minimum wage and overtime rates, and an illustration of Plaintiff's earnings in excess of State minimum wage and overtime rates. The Court holds that Defendants' Trial Exhibits E, F and G are inadmissible because they do not qualify as summaries under F.R.E. 1006 where the source documents are being offered by the Plaintiff as Plaintiff's Trial Ex. 1.  Therefore, without an applicable exception to the rules against hearsay evidence, the documents are inadmissible.

VI.     Conclusion

Based on the foregoing reasoning, the Court grants [57] Plaintiff's Motion in Limine to exclude evidence of Plaintiff's Immigration Status, and [58] Plaintiff's Motion in Limine to exclude evidence of Plaintiff's tip income. Additionally, the Court holds that Defendants' proposed evidence regarding Plaintiff's real estate transactions is inadmissible, Defendants' proposed testimony of Plaintiff's current and former employers aside from the Defendants' themselves is inadmissible, and Defendants' proposed Trial Exhibits E, F and G are inadmissible.

                                    IT IS SO ORDERED.


                                    _____/s/_____

                                    Vanessa L. Bryant
                                    United States District Judge


Dated at Hartford, Connecticut: October 13, 2011